UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BOYD, Booking No. 201144610,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF OCEANSIDE POLICE DEPARTMENT; CITY OF OCEANSIDE; SAN DIEGO DISTRICT ATTORNEY'S OFFICE; CITY OF VISTA; CITY OF VISTA DISTRICT ATTORNEY'S OFFICE; SAN LUIS REY TOWING,<br><br>Defendants. | Civil No. 11cv3039 LAB (WMc)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* (ECF No. 2)**<br><br>**AND**<br><br>**(2) SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)** |

Charles Boyd ("Plaintiff"), currently detained at the Robert Presley Detention Center in Riverside, California, and proceeding pro se, has filed a civil rights action filed pursuant to 42 U.S.C. § 1983.

Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

/ / /

## I. MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

The Court finds that Plaintiff has submitted a certified copy of his trust account statements pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. *Andrews*, 398 F.3d at 1119. These statements show Plaintiff has a zero available balance in his account, and therefore, insufficient funds with which to pay any initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay [an] initial partial filing fee."); *Taylor*, 281 F.3d at 850

///

1  (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's
2  IFP case based solely on a "failure to pay ... due to the lack of funds available.").
3        Therefore, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF No. 2), and
4  assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire balance of
5  the $350 filing fee owed in this case shall be collected and forwarded to the Clerk of the Court
6  pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

7  **II.    Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

8      **A.    Standard of Review**

9        The PLRA also obligates the Court to review complaints filed by all persons proceeding
10 IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused
11 of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or
12 conditions of parole, probation, pretrial release, or diversionary program," "as soon as
13 practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these
14 provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof,
15 which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who
16 are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-
17 27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir.
18 2010) (discussing 28 U.S.C. § 1915A(b)).
19       "[W]hen determining whether a complaint states a claim, a court must accept as true all
20 allegations of material fact and must construe those facts in the light most favorable to the
21 plaintiff." *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v. Harrington,*
22 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal
23 Rule of Civil Procedure 12(b)(6)"). In addition, courts "have an obligation where the petitioner
24 is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the
25 petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010)
26 (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). The court may not, however,
27 "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of*
28 *the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations

of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*

### B. Plaintiff's Claims

In his Complaint, Plaintiff lists twenty-two separate wrongs–most arising under 42 U.S.C. § 1983–for various acts committed by a list of public entities, but no individual state actors. Specifically, Plaintiff claims that on June 30, 2011, the City of Oceanside, its Police Department, the City of Vista, its District Attorney's Office, the San Diego District Attorney's Office, and a private towing company, instituted a "malicious prosecution" against him based on an "illegal arrest warrant," and premised upon a conspiracy to effect his "detention and confinement," conduct a "strip search/cavity," commit "assault/battery," cause "damage/destruction to private property" and various other torts. (Compl. at 4-5.) While not at all clear, it appears Plaintiff was arrested at his mother's residence by the Oceanside Police Department's SWAT team based on an outstanding arrest warrant. (*Id.* at 5-8.)[1] Plaintiff appears to challenge the validity of the warrant, the reasonableness of the force used to both enter his mother's home and to effect his arrest, and the "taking and towing" of personal vehicles. (*Id.* at 7-10.) Plaintiff seeks $10 million in "exemplary" damages, and attorney's fees. (*Id.* at 18-19.)

### C. Application of Law to Plaintiff's Claims

"In any § 1983 action, the first question is whether § 1983 is the appropriate avenue to remedy the alleged wrong." *Haygood v. Younger*, 769 F.2d 1350, 1353 (9th Cir. 1985) (en banc). A prisoner in state custody simply may not use a § 1983 civil rights action to challenge the "fact or duration of his confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). The prisoner must seek federal habeas corpus relief instead. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (*quoting Preiser*, 411 U.S. at 489). "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be

---

[1] Plaintiff also includes what appear to be challenges to the detention and search of a "family friend" named Holmes who was "keeping an eye" on his mother's residence on the day he was arrested there. (Compl. at 6-7). Because Plaintiff is proceeding pro se, however, he has no authority to represent anyone other than himself. *See Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995).

1  dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been
2  invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Thus, Plaintiff's § 1983 action may
3  be "barred (absent prior invalidation)–no matter the relief sought (damages or equitable relief),
4  no matter the target of his suit (state conduct leading to conviction or internal prison
5  proceedings)–if success in that action would necessarily demonstrate the invalidity of
6  confinement or its duration." *Wilkinson*, 544 U.S. at 82.

7       In this case, some of Plaintiff's claims–particularly those alleging a "malicious"
8  prosecution and conviction (Compl. at 10), may "necessarily imply the invalidity" of his
9  confinement or its duration. *Heck*, 512 U.S. at 487; *Wilkinson*, 544 U.S. at 82. In creating a
10 favorable termination rule in *Heck*, the Supreme Court relied on "the hoary principle that civil
11 tort actions are not appropriate vehicles for challenging the validity of outstanding criminal
12 judgments." *Heck*, 511 U.S. at 486. Thus, to the extent Plaintiff challenges the constitutional
13 validity of an outstanding conviction or sentence, to satisfy *Heck's* "favorable termination" rule,
14 he must allege facts which show that the "malicious prosecution" which forms the basis of his
15 § 1983 suit has already been: (1) reversed on direct appeal; (2) expunged by executive order;
16 (3) declared invalid by a state tribunal authorized to make such a determination; or (4) called into
17 question by the grant of a writ of habeas corpus. *Heck*, 512 U.S. at 487 (emphasis added); *see
18 also Butterfield v. Bail*, 120 F.3d 1023, 1025 (9th Cir. 1997).

19      Plaintiff has alleged no facts sufficient to satisfy *Heck*. Thus, any claims pertaining to
20 the legality of his arrest may be barred by *Heck*. *See, e.g.*, *Guerrero v. Gates*, 442 F.3d 697, 703
21 (9th Cir. 2006) (*Heck* barred plaintiff's civil rights claims alleging wrongful arrest, malicious
22 prosecution and conspiracy among police officers to bring false charges against him); *Cabrera
23 v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (holding that *Heck* barred
24 plaintiff's false arrest and imprisonment claims until conviction was invalidated); *Smithart v.
25 Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (*Heck* barred plaintiff's civil rights claims alleging that
26 defendants lacked probable cause to arrest him and brought unfounded criminal charges against
27 him); *Harvey v. Waldron*, 210 F.3d 1008, 1015–16 (9th Cir. 2000) (civil rights action seeking
28 / / /

damages for an allegedly illegal search and seizure upon which criminal charges are based is barred by *Heck* until the charges are dismissed or the conviction overturned).[2]

Even if Plaintiff's unlawful arrest claims are not *Heck* barred, however, his pleading must be dismissed pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) for a host of other reasons. *Lopez,* 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

First, to the extent Plaintiff names the City of Oceanside Police Department, the San Diego District Attorney's Office, and the City of Vista District Attorney's Office as Defendants, he has not named "persons" who are properly subject to suit under § 1983. An agency or department of a municipal entity is not a proper defendant under § 1983. *Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996). Rather, the county or city itself is the proper defendant. *See id.*

Second, to the extent Plaintiff does name the Cities of Oceanside and Vista based on allegations that unidentified individual persons employed by those local governmental entities violated his constitutional rights while effecting his arrest on June 30, 2011, "a municipality cannot be held under § 1983 on a respondeat superior theory ... *solely* because it employs a tortfeasor." *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978) (emphasis original); *Gibson v. County of Washoe*, 290 F.3d 1175, 1185 (9th Cir. 2002).

A municipality may be liable under § 1983 for monetary, declaratory, or injunctive relief where a constitutional deprivation was caused by the implementation or execution of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 690; *Board of the County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) ("[A] plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights."); *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995).

---

[2] To the extent Plaintiff's Complaint does not make clear whether he has *yet* to be convicted, his unlawful arrest claims may not be *Heck* barred. *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) ("The *Heck* rule for deferred accrual is called into play only when there exists 'a conviction or sentence that has not been ... invalidated,' that is to say, an 'outstanding criminal judgment.'"). They remain, however, subject to sua sponte dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and § 1915A(b) for the other reasons set out in this Order.

Thus, to plead liability on behalf of a municipality, Plaintiff must allege: (1) he was deprived of a constitutional right; (2) the municipality had a policy; (3) the policy amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy was the "moving force behind the constitutional violation." *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996); *Brown*, 520 U.S. at 404; *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

Put another way, in order to state a § 1983 claim against the Cities of Oceanside or Vista, Plaintiff must allege facts showing that his injury was caused by individual municipal officers whose conduct both violated the constitution and conformed to an official municipal policy, custom or practice. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988). This he has failed to do.

Third, to the extent Plaintiff also names the San Diego District Attorney's Office and City of Vista District Attorney's Office as Defendants, presumably for instituting a "malicious prosecution" against him, his Complaint fails to state a claim for similar reasons. "[T]he State and arms of the State ... are not subject to suit under § 1983 in either federal court or state court." *Howlett v. Rose*, 496 U.S. 356, 365 (1990). Hence, neither can be sued for damages under section 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63-64, 71 n.10 (1989). Here, Plaintiff states no federal claim under § 1983 against either the San Diego District Attorney's Office or the City of Vista's District Attorney's Office because district attorneys are "agents of the state, not the county." *Sonnier v. Los Angeles County Dist. Attorney's Office*, 33 Fed.Appx. 252, 253 (9th Cir. 2002) (unpub.); *see also Weiner v. San Diego County*, 210 F.3d 1025, 1031 (9th Cir. 2000) (holding that district attorneys act as "state officer[s] when deciding to prosecute an individual."); *Pitts v. County of Kern*, 17 Cal. 4th 340, 366 (1998) ("[A] district attorney acts on behalf of the state when training personnel for and when developing policy regarding the preparation for prosecution and prosecution of criminal violations of state law.").

Fourth, to the extent that Plaintiff is attempting to plead a conspiracy under section 1983, he must allege "'an agreement or meeting of the minds to violate constitutional rights,'" *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir.2001) (quoting *United Steel Workers of Am. v. Phelps Dodge Corp.,* 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual

1 | deprivation of constitutional rights. *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting
2 | *Woodrum v. Woodward County, Oklahoma*, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be
3 | liable, each participant in the conspiracy need not know the exact details of the plan, but each
4 | participant must at least share the common objective of the conspiracy.'" *Franklin*, 312 F.3d at
5 | 441 (quoting *United Steel Workers*, 865 F.2d at 1541). Conclusory allegations of conspiracy as
6 | Plaintiff has alleged, here, however, are insufficient to support a claim under section 1983. *See*
7 | *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

8 |     Finally, to the extent Plaintiff seeks to sue San Luis Rey Towing pursuant to § 1983, his
9 | Complaint fails to allege any facts sufficient to show that this private entity acted "under color
10 | of state law." *Franklin*, 312 F.3d at 444; *see also Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th
11 | Cir. 2003) ("While generally not applicable to private parties, a § 1983 action can lie against a
12 | private party" only if he is alleged to be "a willful participant in joint action with the State or its
13 | agents.") (citation and quotation marks omitted).

14 |     For all these reasons, the Court finds Plaintiff's Complaint fails to state a claim upon
15 | which § 1983 relief may be granted, and that it must be dismissed pursuant to 28 U.S.C.
16 | §§ 1915(e)(2) and 1915A. *See Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004. Because
17 | it is not absolutely clear Plaintiff cannot amend his pleading to state a claim, however, the Court
18 | will grant him leave to amend it. *Lopez*, 203 F.3d at 1130-31 ("[A] district court should grant
19 | leave to amend even if no request to amend the pleading was made, unless it determines that the
20 | pleading could not possibly be cured.") (citations omitted).)

21 | **IV.  Conclusion and Order**

22 |     Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

23 |     1.  Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2) is
24 | GRANTED.

25 |     2.  The Watch Commander of the Robert Presley Detention Center, or his designee,
26 | is ordered to collect from Plaintiff's inmate trust account the $350 balance of the filing fee owed
27 | in this case by collecting monthly payments from the trust account in an amount equal to twenty
28 | percent (20%) of the preceding month's income credited to the account and forward payments

1 to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with
2 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE
3 NAME AND NUMBER ASSIGNED TO THIS ACTION.

4     4. The Clerk of the Court is directed to serve a copy of this Order on the Watch
5 Commander, Robert Presley Detention Center, 400 Orange Street, Riverside, California, 92501.

6     **IT IS FURTHER ORDERED** that:

7     5. Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C.
8 §§ 1915(e)(2)(b) & 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave
9 from the date this Order is filed in which to file a First Amended Complaint which addresses all
10 the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in
11 itself without reference to his superseded pleading. *See* S.D. CAL. CIVLR 15.1. Defendants not
12 named and any claim not re-alleged in the Amended Complaint will be considered waived. *See*
13 *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

14     If Plaintiff fails to file an Amended Complaint within 45 days, however, this case shall
15 remain dismissed for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b)
16 without further Order of the Court.

18 DATED: March 22, 2012

20 **HONORABLE LARRY ALAN BURNS**
United States District Judge