1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11
12

CHARLES BOYD,
Booking No. 201144610,

Plaintiff,

13

vs.

14

CITY OF OCEANSIDE POLICE
DEPARTMENT; CITY OF OCEANSIDE;
COUNTY OF SAN DIEGO; MALINDA'S
PROFESSIONAL INVESTIGATIVE
SERVICES; BENJAMIN CURTIS
CONWAY; MALINDA KAY CLICK;
MALINDA KAY CURTIS; ABSOLUTE
BONDING CORP.; SAN LUIS REY
TOWING,

15
16
17
18
19

Defendants.

20
21

Civil No.      11cv3039 LAB (WMc)

**ORDER SUA SPONTE DISMISSING
FIRST AMENDED COMPLAINT
FOR FAILING TO STATE A CLAIM
PURSUANT TO 28 U.S.C. § 1915(e)(2)**

22

I.    **PROCEDURAL HISTORY**

23

Charles Boyd ("Plaintiff"), formerly detained at the Robert Presley Detention Center in

24

Riverside, California, and proceeding pro se, filed a civil rights action filed pursuant to 42

25

U.S.C. § 1983 on December 29, 2011, along with a Motion to Proceed *In Forma Pauperis*

26

("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).   Plaintiff also filed an identical action in

27

San Diego Superior Court which was removed to this Court by Defendants on March 15, 2012.

28

*See Boyd v. Oceanside Police Dep't.*, S.D. Civil Case No. 12cv0652 LAB (WMc).  That action

1   has since been dismissed and Plaintiff has been informed to proceed with his claims in this

2   action.

3        The Court granted Plaintiff's Motion to Proceed IFP and simultaneously dismissed his

4   Complaint for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C.

5   § 1915(e)(2) and 28 U.S.C. § 1915A(b).  (ECF No. 4.)  Plaintiff was granted leave to file an

6   Amended Complaint in order to correct the deficiencies of pleading identified by the Court.  (*Id*.

7   at 8-9.)  Plaintiff has now filed his First Amended Complaint ("FAC").  (ECF No. 11.)

8   **II.     Screening Pursuant to 28 U.S.C. § 1915(e)(2)**

9        **A.     Standard of Review**

10       As the Court informed Plaintiff in the previous Order, the Prison Litigation Reform Act

11   ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by

12   those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced

13   for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole,

14   probation, pretrial release, or diversionary program," "as soon as practicable after docketing."

15   *See* 28 U.S.C. § 1915(e)(2).  Under these provisions of the PLRA, the Court must sua sponte

16   dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim,

17   or which seek damages from defendants who are immune.  *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez*

18   *v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)).

19       "[W]hen determining whether a complaint states a claim, a court must accept as true all

20   allegations of material fact and must construe those facts in the light most favorable to the

21   plaintiff."  *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v. Harrington,*

22   152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal

23   Rule of Civil Procedure 12(b)(6)").  In addition, courts "have an obligation where the petitioner

24   is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the

25   petitioner the benefit of any doubt."  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010)

26   (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)).  The court may not, however,

27   "supply essential elements of claims that were not initially pled."  *Ivey v. Board of Regents of*

28   *the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  "Vague and conclusory allegations

of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*

Once again, Plaintiff names a number of municipalities and agencies within a municipality as Defendants. However, he has again failed to name "persons" who are properly subject to suit under § 1983. An agency or department of a municipal entity is not a proper defendant under § 1983. *Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996). Rather, the county or city itself is the proper defendant. *See id.*

Second, to the extent Plaintiff does name the Cities of Oceanside and Vista based on allegations that unidentified individual persons employed by those local governmental entities violated his constitutional rights, "a municipality cannot be held under § 1983 on a respondeat superior theory ... *solely* because it employs a tortfeasor." *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978) (emphasis original); *Gibson v. County of Washoe*, 290 F.3d 1175, 1185 (9th Cir. 2002).

A municipality may be liable under § 1983 for monetary, declaratory, or injunctive relief where a constitutional deprivation was caused by the implementation or execution of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 690; *Board of the County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) ("[A] plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights."); *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995).

Thus, to plead liability on behalf of a municipality, Plaintiff must allege: (1) he was deprived of a constitutional right; (2) the municipality had a policy; (3) the policy amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy was the "moving force behind the constitutional violation." *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996); *Brown*, 520 U.S. at 404; *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

Accordingly, in order to state a § 1983 claim against the Cities of Oceanside, Vista or the County of San Diego, Plaintiff must allege facts showing that his injury was caused by individual municipal officers whose conduct both violated the constitution and conformed to an

official municipal policy, custom or practice.  *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988).  However, Plaintiff's First Amended Complaint is devoid of any such factual allegations.

In addition, to the extent that Plaintiff is attempting to plead a conspiracy under section 1983, he must allege "'an agreement or meeting of the minds to violate constitutional rights,'" *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir.2001) (quoting *United Steel Workers of Am. v. Phelps Dodge Corp.,* 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights. *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting *Woodrum v. Woodward County, Oklahoma*, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" *Franklin*, 312 F.3d at 441 (quoting *United Steel Workers*, 865 F.2d at 1541).  Conclusory allegations of conspiracy as Plaintiff has alleged, here, however, are insufficient to support a claim under section 1983. *See Aldabe v. Aldabe*,  616 F.2d 1089, 1092 (9th Cir. 1980).

Finally, to the extent Plaintiff seeks to sue Malinda's Professional Investigative Services, Benjamin Curtis Conway, Malinda Kay Click, Malinda Kay Curtis, Absolute Bonding Corporation or San Luis Rey Towing pursuant to § 1983, his First Amended Complaint fails to allege any facts sufficient to show that these private individuals or entities acted "under color of state law." *Franklin*, 312 F.3d at 444; *see also Kirtley  v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) ("While generally not applicable to private parties, a § 1983 action can lie against a private party" only if he is alleged to be "a willful participant in joint action with the State or its agents.") (citation and quotation marks omitted).

For all these reasons, the Court finds Plaintiff's First Amended Complaint fails to state a claim upon which § 1983 relief may be granted, and that it must be dismissed pursuant to 28 U.S.C. § 1915(e)(2).  *See Lopez*, 203 F.3d at 1126-27.

/ / /

/ / /

/ / /

1   **III.    Conclusion and Order**

2         Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

3         Plaintiff's First Amended Complaint is **DISMISSED** without prejudice pursuant to 28

4   U.S.C. § 1915(e)(2)(b).  However, Plaintiff is **GRANTED** forty five (45) days leave from the

5   date this Order is filed in which to file a Second Amended Complaint which addresses all the

6   deficiencies of pleading noted above.  Plaintiff's Amended Complaint must be complete in itself

7   without reference to his superseded pleading. *See* S.D. CAL. CIVLR 15.1.  Defendants not named

8   and any claim not re-alleged in the Amended Complaint will be considered waived. *See King*

9   *v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

10         If Plaintiff fails to file an Amended Complaint within 45 days, however, this case shall

11   remain dismissed for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) without further

12   Order of the Court.

13

14   DATED:  October 8, 2012

15

16   **HONORABLE LARRY ALAN BURNS**
     United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28