# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BOYD,<br>Booking No. 201144610,<br><br>                                  Plaintiff,<br><br>vs.<br><br>CITY OF OCEANSIDE POLICE DEPARTMENT; CITY OF OCEANSIDE; COUNTY OF SAN DIEGO; MALINDA'S PROFESSIONAL INVESTIGATIVE SERVICES; BENJAMIN CURTIS CONWAY; MALINDA KAY CLICK; MALINDA KAY CURTIS; ABSOLUTE BONDING CORP.; SAN LUIS REY TOWING; FRANK McCOY; OCEANSIDE POLICE OFFICERS 1-100; TOM AGUIGUI; SUMMER STEPHAN; BONNIE DUMANIS; DREW BEDELL; OCEANSIDE SWAT TEAM 10,<br><br>                                Defendants. | Civil No.    11cv3039 LAB (WMc)<br><br>**ORDER SUA SPONTE DISMISSING SECOND AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM AND FOR SEEKING MONETARY DAMAGES AGAINST IMMUNE DEFENDANTS PURSUANT TO 28 U.S.C. § 1915(e)(2)** |

## I. PROCEDURAL HISTORY

Charles Boyd ("Plaintiff"), formerly detained at the Robert Presley Detention Center in Riverside, California, and proceeding pro se, filed a civil rights action filed pursuant to 42 U.S.C. § 1983 on December 29, 2011, along with a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2). Plaintiff also filed an identical action in

San Diego Superior Court which was removed to this Court by Defendants on March 15, 2012. *See Boyd v. Oceanside Police Dep't.*, S.D. Civil Case No. 12cv0652 LAB (WMc). That action has since been dismissed and Plaintiff has been informed to proceed with his claims in this action.

The Court granted Plaintiff's Motion to Proceed IFP and simultaneously dismissed his Complaint for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b). (ECF No. 4.) Plaintiff was granted leave to file an Amended Complaint in order to correct the deficiencies of pleading identified by the Court. (*Id*. at 8-9.) Plaintiff filed his First Amended Complaint ("FAC"). (ECF No. 11.) Once again, the Court conducted a sua sponte screening of his FAC and found that the FAC also failed to state a claim pursuant to 28 U.S.C. § 1915(e)(2). (ECF No. 13.) The Court permitted Plaintiff leave to file a Second Amended Complaint which he filed on January 3, 2013. (ECF No. 17.) In the Court's previous Orders, Plaintiff was cautioned that any claims not re-alleged and Defendants not renamed in the Amended Complaints would be deemed waived. (ECF Nos, 4, 13 citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)). In Plaintiff's Second Amended Complaint, he no longer names Defendants City of Oceanside Police Department, City of Oceanside, San Diego District Attorney's Office, City of Vista, City of Vista District Attorney's Office, San Luis Rey Towing, County of San Diego, Malinda's Professional Investigative Services, Benjamin Curtis Conway, Malinda Kay Click, Malinda Kay Curtis, or Absolute Bonding Corp. (*See* SAC at 1-2.) Accordingly, the claims against these Defendants have been waived and they are DISMISSED from this action. *King*, 814 F.2d at 567.

**II.     Screening Pursuant to 28 U.S.C. § 1915(e)(2)**

   **A.     Standard of Review**

As the Court informed Plaintiff in the previous Orders, the Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing."

*See* 28 U.S.C. § 1915(e)(2). Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, courts "have an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). The court may not, however, "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*

  A. Eighth Amendment claims

In his Second Amended Complaint, Plaintiff alleges that during the time period referenced in his pleading he was a "pre-trial" defendant. (SAC at 2.) However, Plaintiff seeks money damages for alleged Eighth Amendment violations. (*See Id.* at 15-16). Because Plaintiff was not a prisoner at the time, the Eighth Amendment does not apply to him. *Bell v Wolfish*, 441 U.S. 520, 535 n.16 (1979) ("Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions. . . . [and] the State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law."); *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002) ("Because [petitioner] had not been convicted of a crime, but had only been arrested, his rights derive from the due process clause rather than the Eighth Amendment's protection against cruel and unusual

punishment."). Therefore, the Court DISMISSES Plaintiff's Eighth Amendment claims for failing to state a claim upon which relief may be granted.

### B.   Conspiracy claims

In his Second Amended Complaint, Plaintiff alleges that Defendants acted in a conspiracy to violate his constitutional rights pursuant to 42 U.S.C. § 1985(3). (*See* SAC at 16.) "To state a cause of action under § 1985(3), a complaint must allege (1) a conspiracy, (2) to deprive any person or a class of persons the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States." *Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980); *see also Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971); *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992). "[T]he language requiring intent to deprive *equal* protection . . . means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin*, 403 U.S. at 102; *see also Sever*, 978 F.2d at 1536.

Here, Plaintiff fails to allege membership in a protected class and fails to allege that any Defendant acted with class-based animus, both of which are essential elements of a cause of action under 42 U.S.C. § 1985(3). *See Griffin*, 403 U.S. at 101-02; *Schultz v. Sundberg*, 759 F.2d 714, 718 (9th Cir. 1985) (holding that conspiracy plaintiff must show membership in a judicially-designated suspect or quasi-suspect class); *Portman v. County of Santa Clara*, 995 F.2d 898, 909 (9th Cir. 1993).

Accordingly, Plaintiff's conspiracy claims brought pursuant to 42 U.S.C. § 1985(3) are DISMISSED for failing to state a claim upon which relief may be granted.

### C.   Prosecutorial Immunity

Plaintiff seeks to hold District Attorney Bonnie Dumanis and Deputy District Attorney Summer Stephan liable for the alleged constitutional violations. (*See* SAC at 7-8.) Criminal prosecutors are absolutely immune from civil damages suits premised upon acts committed within the scope of their official duties which are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also Buckley v.*

*Fitzsimmons*, 509 U.S. 259, 272-73 (1993); *Burns v. Reed*, 500 U.S. 478, 487-93 (1991). A prosecutor is immune even when the prosecutor's malicious or dishonest action deprived the defendant of his or her liberty. *Ashelman*, 793 F.2d at 1075. Thus, Plaintiff's claims against Defendants Dumanis and Stephan are DISMISSED for seeking monetary relief against defendants who are immune from such relief.

        D.       Respondeat Superior

Plaintiff seeks to hold Defendant Frank McCoy and Bonnie Dumanis liable in their supervisory capacity. However, there is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). Instead, "[t]he inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)). In order to avoid the respondeat superior bar, Plaintiff must allege personal acts by each individual Defendant which have a direct causal connection to the constitutional violation at issue. *See Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Supervisory prison officials may only be held liable for the allegedly unconstitutional violations of a subordinate if Plaintiff sets forth allegations which show: (1) how or to what extent they personally participated in or directed a subordinate's actions, and (2) in either acting or failing to act, they were an actual and proximate cause of the deprivation of Plaintiff's constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). As currently pleaded, however, Plaintiff's Second Amended Complaint fails to set forth facts which might be liberally construed to support an individualized constitutional claim against either Defendant McCoy or Defendant Defendants. Thus, these Defendants are DISMISSED from this action for failing to state a claim upon which relief may be granted.

For all these reasons, the Court finds Plaintiff's Second Amended Complaint fails to state a claim upon which § 1983 relief may be granted and seeks monetary damages against immune

1 defendants, and that it must be dismissed pursuant to 28 U.S.C. § 1915(e)(2). *See Lopez*, 203
2 F.3d at 1126-27.

**III.   Conclusion and Order**

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

Plaintiff's Second Amended Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is filed in which to file a Third Amended Complaint which addresses all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to his superseded pleading. *See* S.D. CAL. CIVLR 15.1. Defendants not named and any claim not re-alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

If Plaintiff fails to file an Amended Complaint within 45 days, however, this case shall remain dismissed for failing to state a claim and for seeking monetary damages against immune defendants pursuant to 28 U.S.C. § 1915(e)(2) without further Order of the Court.

DATED: March 25, 2013

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge